IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

In re: :

REDONDO CONSTRUCTION CORP., : Case No. 02-02887(GAC)

Debtor : Chapter 11

_____ :

## DECISION AND ORDER

The debtor filed a voluntary petition under Chapter 11 on March 19, 2002. On January 30, 2003, the debtor filed an urgent motion for an order directing the Puerto Rico Ports Authority ("PRPA"), among others, to proceed with arbitration or for leave to proceed with adversary proceedings (dkt. #350). PRPA filed a motion in response indicating that it would consent to having the matters determined by this Court, if it included all certifications, including one for which it was depositing the sum of $453,242.20 with this Court (dkt. #369). Debtor responded by filing another urgent motion to compel PRPA to proceed with arbitration (dkt. #411).

On July 8, 2003, the parties filed a joint motion informing a settlement (dkt. #500). The parties indicated that debtor would withdraw the $453,242.20 that PRPA had deposited with the Court and that PRPA would pay the debtor an additional $180,851.94 in partial settlement of some of the claims, which are the object of arbitration proceedings. In the motion, the parties agreed that they would proceed with arbitration. The parties then filed the

1

compromise agreement and request for order, inclosing their proposed order (dkt. #543). The Court issued an order on September 30, 2003, providing that PRPA and the debtor would immediately continue the arbitration proceedings and granted PRPA leave to continue its counterclaims against the debtor (dkt. #572).

On October 20, 2004, the debtor, Puerto Rico Parking Developers, S.E., and the Unsecured Creditor's Committee filed an urgent motion for leave to proceed with an adversary proceeding against PRPA (dkt. #932). These entities essentially contend that PRPA has continued engaging in tactics to delay the arbitration. PRPA opposed the motion (dkt. #947).

The Court has reviewed the debtor's request, including the voluminous exhibits, all of which total 386 pages. The debtor cites no authority for its request and the Court notes that some of the exhibits, including pleadings in the local court case and letters, are in the Spanish language. Irrespective, even if the debtor's allegations as to delay are accepted as true, the Court is not inclined to grant the motion for leave to proceed with an adversary proceeding.

The debtor has made its bargain as to how the dispute with PRPA will be resolved. Initially, the debtor agreed to the arbitration forum by contract. Subsequently, the debtor chose the forum through a suit in local court seeking to compel arbitration. Ultimately, the debtor agreed with PRPA in this Court that the

2

dispute would be resolved through arbitration. The Court also notes that none of the allegations raised by the debtor demonstrate that PRPA is unwilling to arbitrate. PRPA is entitled to raise concerns before the local court as to who is appointed as arbitrator. The type of issues that the debtor points to as being dilatory tactics could not be avoided in an adversary, where PRPA would have the opportunity to file a motion to dismiss, seek summary judgment and engage in significant discovery, all of which would cause delay; the type of delay that is allowed within the framework of the adversarial system. The Court is sympathetic to the debtor's plight in that the dispute with PRPA has been pending for more than five years without a resolution. Nonetheless, after agreeing to arbitration by contract, seeking to compel it in a local court case and agreeing to it in this Court, the Court will not allow the debtor to bring the dispute before this Court again.

ORDER

WHEREFORE IT IS ORDERED that the urgent motion for leave to proceed with an adversary proceeding, filed by debtor, Puerto Rico Parking Developers, S.E. and the Unsecured Creditor's Committee, shall be, and it hereby is, DENIED.

SO ORDERED.

San Juan, Puerto Rico, this 12 day of May, 2005.

_____
GERARDO A. CARLO
Chief, U.S. Bankruptcy Judge

cc: Debtor, C. Cuprill UST
C. Gilmore, P.R. Port Authority (Colom)
P.R. Parking Developers (Blkins 'on)
D. Freedman

3