IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

In re:                                  :
                                        :
REDONDO CONSTRUCTION CORP.,             :     Case No. 02-02887(GAC)
                                        :
            Debtor                      :     Chapter 11
_____ :

## **DECISION AND ORDER**

The debtor filed a voluntary petition under Chapter 11 on March 19, 2002.  On October 8, 2003, the debtor filed a motion for an order to show cause against Summertime Development Corp. ("Summertime") and its president, Ramon Martinez Perez ("Martinez"), for violation of the automatic stay (dkt. #586).  The debtor claimed that Summertime withheld the sum of $390,579.00 that it owed debtor for work performed at Summertime Beach Resort (Casa de Playa) and that these funds are property of the estate.  The Court issued an order to show cause, requiring Summertime and Martinez to show cause as to why they had willfully violated the automatic stay (dkt. #632).

Summertime filed an answer to the Order to Show Cause (dkt. #668).  In its motion, Summertime alleges that the debtor did not comply with its contractual duties by failing to complete any of the units which it contracted to build.  Therefore Summertime argues that any entitlement to the sums sought is disputed.  By separate motion, on December 1, 2003, Summertime requested leave to deposit the disputed amounts in court (dkt. #669).  The debtor

1

filed a motion indicating that it had no objection to the funds being deposited with the Court (dkt. #676) and the Court granted Summertime's request to deposit the funds.

The debtor filed a reply to Summertime's answer to the order to show cause alleging that it completed the units that it was obligated to complete and that Summertime unconditionally agreed to pay the debtor the sum claimed (dkt. #713).

The Court scheduled a hearing for March 24, 2004 and ordered the debtor to file an adversary proceeding to seek turnover of property.  On February 9, 2004, the debtor filed an urgent motion requesting that Summertime be ordered to deposit the amount of $390,579.00, which Summertime had voluntarily agreed to deposit (dkt. #742).  The Court ordered Summertime to show cause as to why it failed to deposit the funds (dkt. #743).  The debtor also filed its adversary proceeding on February 9, 2004, requesting the same relief that it had requested in its motion seeking the order to show cause.

At the hearing of March 24, 2004, the Court again ordered Summertime to deposit the funds with the Court within ten days and to file an informative motion in compliance with the orders to show cause.  Summertime filed a motion for reconsideration of the order to deposit the funds (dkt. #804).  Summertime argued that it ultimately sold the project that was the subject of this controversy and that it lost $500,000.00 in anticipated profit due

2

to the debtor's faulty construction.  Summertime also indicated that it received the sum of $588,024.03 at the time of the sale, which it used to pay suppliers, commissions, cancellation options and for construction done at the site.  Summertime indicated that the remaining $500,000.00 owed to it from the sale was deferred as a mortgage note due in 120 days to one year.  Summertime further alleged that the debtor over billed it the amount of $246,478.00 and that it had to spend $130,000.00 to repair the debtor's construction faults.  Summertime argues that it made the offer to deposit the funds at a time when it thought it could do so, but that it is unable to comply at the present time.  Summertime indicates that the disputed amount can be paid when it collects the $500,000.00 mortgage note.

The debtor responded to Summertime's motion for reconsideration with a motion for civil contempt for Summertime's failure to deposit the funds (dkt. #811).  The Court scheduled a hearing for April 27, 2004.  At the hearing, the Court concluded that the debtor had a strong possibility of prevailing on the merits of the dispute and that Summertime ignored the orders of the Court to deposit the sum of $390,579.00.  Instead Summertime sold the project receiving $250,000.00 as a down payment, $500,000.00 at the closing and the note payable of $500,000.00.  The Court fined Summertime and Martinez the amount of $10,000.00 and ordered Summertime and/or Martinez and the Bank & Trust of Puerto Rico

3

("BT") to deposit the $500,000.00 note payable with the Court until this matter is decided.

Eurobank, as subsequent holder in interest of the mortgage note, filed a motion for reconsideration of the Court's order to deposit the note (dkt. #842). Eurobank indicates that BT was subpoenaed to appear at the hearing to produce certain documents related to the project and all checks issued by BT in reference to the project. BT's authorized officer testified and then was excused. Eurobank argues that BT was not a party to the dispute, that Eurobank has the sole right to hold the mortgage note until full payment of the first mortgage, that the Court's order deprives Eurobank of property without due process and that the equitable subordination of Eurobank's rights requires an adversary proceeding pursuant to Fed. R. Bankr. P. 7001(8).

Summertime and Martinez also filed a motion requesting that all proceedings and court orders in connection with debtor's request for an order to show cause and to recover property, which were filed and entered in the legal case, be stricken, vacated and set aside (dkt. #864). Summertime contends that the Court did not have jurisdiction to enter orders against it because the nature of the relief requested by debtor required the filing of an adversary proceeding.

The debtor responded to Eurobank's motion for reconsideration arguing that Eurobank was not denied due process because it

appeared in court at the hearing of April 29, 2004 (dkt. #913). Moreover, the debtor argues that Summertime represented to have an absolute right over the mortgage note and suggested that the Court could order the deposit of the note as a remedy.  The debtor also argues that Eurobank has failed to establish that it holds a perfected security interest over the mortgage note.  In its prayer for relief, the debtor requests that the Court deny Eurobank's motion and order it to deposit the mortgage note and that the Court order that all sums deposited in favor of Summertime in an eminent domain proceeding in local court, be deposited with this Court.

Eurobank filed a surreply (dkt. #925).  Summertime filed an opposition to the debtor's response to Eurobank's motion for reconsideration (dkt. #931).  At a hearing held on January 25, 2005, the Court took the matter under advisement.

## DISCUSSION

The Court will separately discuss the issues raised by Eurobank and those raised by Summertime and Martinez.  As to Eurobank, the Court concludes that the order requiring BT to turnover the mortgage note was entered without due process and accordingly it will be vacated.

Due process requires adequate notice of any action which may have a substantive impact on a party's vested property rights. Mullane v. Central Hanover Bank and Trust, 339 U.S. 306 (1950). Moreover, in order to subordinate Eurobank's rights in the note,

the debtor was required to file an adversary proceeding pursuant to Fed. R. Bankr. P. 7001(8).

BT was subpoenaed to appear at the hearing of April 27, 2004 as a witness, not as a party. After BT's officer testified, the officer and BT's attorney were excused from the hearing. The hearing was scheduled as a hearing on contempt and the debtor never requested a remedy against BT nor did the debtor present any evidence to support a position that it has a priority in the note superior to the rights of BT. Rather, during the hearing to determine whether it had acted in contempt of Court, Summertime offered the deposit of the mortgage note as a substitute remedy for the deposit of the $390,579.00.

The Court understood at the hearing that the note was not security, but rather was for notarial cancellation. In the motion for reconsideration, however, Eurobank claims that it has the legal right to subordinate the mortgage note to all payments it receives from the sale of the residential units of the project and from any payment received from independent sources until full payment of all sums owed to Eurobank and secured by the first mortgage. It also alleges that it has the sole right to hold possession of the mortgage note until full payment is made. If these assertions are true, the order would have the effect of depriving Eurobank of property without due process. Because Eurobank did not receive adequate notice that an action could be taken which may have a

substantive impact on Eurobank's vested property rights, the order must be vacated.

The issues raised by Summertime and Martinez are somewhat more complicated.  Their basic position is that the relief ordered, i.e. the deposit of the $390,579.00 with the Court, required the filing of an adversary proceeding.  They claim that the orders were entered in the legal case without subject matter jurisdiction.  They also argue that the Court's order requiring that they pay the sum of $10,000.00 for contempt of Court is not valid because the Court is fining them for violation of the automatic stay, which is not disobedience to a Court order.

As Summertime and Martinez correctly argue, pursuant to Fed. R. Bankr. P. 7001(1), an adversary proceeding is generally required to recover money.  See also In re Perkins, 902 F.2d 1254, 1258 (7th Cir. 1990)(orders of bankruptcy and district court vacated where a turnover action brought by motion should have been brought as an adversary proceeding); In re Wheeler Tech., Inc., 139 B.R. 235 (B.A.P. 9th Cir. 1992)(debtor's action to recover property from creditor inappropriately brought by means of ex parte motion, since adversary proceeding was required); In re Mayex II Corp., 178 B.R. 464, 467 (Bankr.W.D. Mo. 1995); In re Interpictures, Inc., 96 B.R. 24, 28 (Bankr.E.D.N.Y. 1988).  In the present case, the Court has not decided the ultimate controversy, that is whether the debtor is entitled to collect the $390,579.00, which is seeks to collect from

7

Summertime and Martinez. This matter is being decided within the context of the adversary proceeding that the debtor filed against Summertime and Martinez. The matter decided in the legal case was that, in the interim, Summertime and Martinez would deposit the sum of $390,579.00 with the Court until the adversary is decided. The Court also decided that Summertime and Martinez willfully violated the Court's order to deposit this sum with the Court and for that contempt of court, the Court fined them the sum of $10,000.00.

Summertime cites In re Rimsat, Ltd., 208 B.R. 910 (Bankr.N.D.Ind. 1997) and In re Hunter, 190 B.R. 118 (Bankr.D.Co. 1995), for its contention that the debtor was required to file an adversary proceeding rather than file a motion to hold contempt proceedings for violation of the automatic stay. As stated by the Court in In re Rimsat, Ltd, 208 B.R. at 911, "[i]n order to prevail on a contempt petition, the complaining party must demonstrate . . . that the respondent has violated the express and unequivocal command of a *court order*." (quoting D. Patrick, Inc. V. Ford Motor Co., 8 F.3d 455, 460 (7th Cir. 1993)(emphasis original)). As Summertime is well aware, the Court's hearing on contempt was not related to the alleged violation of stay. The contempt hearing, as stated above, was based on Summertime's disobedience to the Court's order to deposit the funds, thus the cited cases are clearly distinguishable.

While the debtor initially sought turnover of the funds by way

8

of motion, the debtor remedied the procedural defect by filing the adversary proceeding.  The only reason that Summertime and Martinez were ordered to deposit the sum of $390,579.00 with the Court was because they filed a motion requesting leave to deposit this sum. The Court approved the motion and indicated that the Clerk would hold the funds in deposit.  Summertime and Martinez failed to deposit the funds.

The first hearing scheduled on the matter was scheduled for March 24, 2004 and in the order scheduling the hearing, the Court required that the debtor file an adversary proceeding, which the debtor did on February 9, 2004.  At the hearing of March 24, 2004, the Court ordered Summertime and Martinez to deposit the funds within ten days.  It was not until April 5, 2004 that Summertime and Martinez filed a motion for reconsideration, informing that they had sold the project and dissipated the funds, except for the $500,000.00 mortgage note.  Summertime and Martinez indicated that they sold the project on March 4, 2004, while these matters were pending.  This was the basis for the Court's finding on April 29, 2004, that Summertime had ignored the Court's orders to deposit the funds.

Moreover, while an adversary is generally required to obtain turnover of property, a party may waive its right to protest the lack of an adversary proceeding.  Thus, the failure to file an adversary proceeding is not a jurisdictional defect.  <u>In re Service</u>

9

Merchandise Co., Inc., 256 B.R. 755, 765-66 (Bankr.M.D.Tenn. 2000); In re Enfolinc, Inc, 233 B.R. 351, 353 (Bankr.E.D.Va. 1999). Waiver occurs when a party knowingly fails to litigate a Rule 7001 issue that they had the opportunity to litigate. In re Zale Corp., 62 F.3d 746, 763 (5th Cir. 1995); In re E-Z Serve Convenience Stores, Inc., 318 B.R. 631, 636 (D.M.D. 2004); In re Zolner, 249 B.R. 287, 292 (N.D.Ill. 2000). Even if a waiver does not occur, the lack of an adversary proceeding will be deemed harmless error where the failure to file an adversary proceeding does not result in demonstrable prejudice. In re E-Z Serve Convenience Stores, Inc., 318 B.R. at 636. See also In re Cannonsburg Environmental Assoc., Ltd., 72 F.3d 1260, 1265 (6th Cir. 1996); Trust Corp. v. Patterson (In re Copper King Inn, Inc.), 918 F.2d 1404, 1406-1407 (9th Cir. 1990); In re Zolner, 249 B.R. 287, 292 (N.D.Ill. 2000); In re Orfa Corp. Of Philadelphia, 170 B.R. 257, 275 (E.D.Pa. 1994); In re Lewis, 142 B.R. 952, 955 (D.Colo. 1992); In re Little, 220 B.R. 13, 17 (Bankr.D.N.J. 1998); and In re Vandy, Inc., 189 B.R. 342, 346 (Bankr.E.D.Pa. 1995); In re Command Services Corp., 102 B.R. 905, 908 (Bankr.N.D.N.Y. 1989).

The Court concludes that Summertime waived its right to protest the lack of an adversary proceeding prior to the Court's order requiring it to deposit funds as a provisional remedy. Summertime offered to deposit the funds and then acted contrary to the offer by selling the project and dissipating the funds while

10

this matter was pending.  Summertime was ordered to deposit the funds or the note on three separate occasions prior to complaining about the lack of an adversary proceeding.  The Court also notes that the remedy is only provisional and the debtor's actual right to obtain the funds is subject to the outcome of the adversary proceeding filed.

Further, as noted above, the adversary proceeding was filed prior to the Court's order requiring Summertime to deposit the funds with the Court.  The orders were entered in the legal case, but the Court concludes that the failure to enter the orders in the adversary proceeding rather than in the legal case, was harmless error because the orders did not result in demonstrable prejudice. Summertime was notified of the debtor's motion seeking an order to show cause and was served with the summons and complaint in the adversary proceeding prior to being ordered to deposit the funds with the Court.  Prior to the filing of the adversary proceeding, the debtor's motion clearly provided Summertime with notice of the nature of the pending litigation. Accordingly, Summertime's motion for relief from the Court's orders will be denied.

ORDER

WHEREFORE IT IS ORDERED that Eurobank's motion (dkt. #842) for reconsideration of the Court's order to deposit the mortgage note shall be, and it hereby is, GRANTED.  The order requiring Eurobank to deposit the note is VACATED, without prejudice to the debtor seeking this relief in the adversary proceeding.

IT IS FURTHER ORDERED that the motion filed by Summertime and Martinez (dkt. #864) requesting that all proceedings and court orders in connection with debtor's request for an order to show cause and to recover property, which were filed and entered in the legal case, be stricken, vacated and set aside shall be, and it hereby is, DENIED.  Summertime and Martinez are granted fifteen (15) days to comply with the Court's previous orders to deposit the sum of $390,579.00 with the Court, noting that it is in reference to Adv. No. 04-00017, and to pay the $10,000.00 fine previously imposed by the Court.

SO ORDERED.

San Juan, Puerto Rico, this 3rd day of October, 2005.

/s/ *Gerardo A. Carlo*

_____
GERARDO A. CARLO
Chief, U.S. Bankruptcy Judge

12