IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| IN RE: | : | |
| | : | |
| REDONDO CONSTRUCTION | : | CASE NO. 02-02887 (GAC) |
| CORPORATION, CORP. | : | |
| | : | |
| Debtor. | : | CHAPTER 11 |
| | : | |
| | : | |
| REDONDO CONSTRUCTION | : | |
| CORPORATION, CORP. | : | |
| | : | |
| Plaintiff. | : | |
| | : | |
| v. | : | ADV. NO. 04-00017 |
| | : | |
| SUMMERTIME DEVELOPERS | : | |
| CORPORATION et al. | : | |
| | : | |
| Defendants. | : | |

**ORDER**

I.   PROCEDURAL AND FACTUAL BACKGROUND

Pending before the Court is a Motion for Reconsideration of the Court's Decision and Order entered on October 3, 2005 (Docket #1229) filed by Ramon Martinez Perez ("Martinez") and Summertime Developers Corporation ("Summertime") (hereinafter referred to jointly as "Defendants"); and an Opposition to Defendants' Motion for Reconsideration (Docket #1234) filed by Redondo Construction Corporation ("Debtor").

On October 8, 2003, Debtor filed a motion for an order to show cause against Summertime and its president, Mr. Martinez, for violation of the automatic stay (Docket #586). The Debtor claimed

that Defendants withheld the sum of $390,579.00 that it owed to Debtor for work performed on the Casa de Playa/Summertime Beach Resort project ("project") and that these funds were property of the estate. The Court issued an order to show cause, requiring Defendants to show cause as to why they had willfully violated the automatic stay (Docket #632).

In its Answer to the order to show cause (Docket #668), Summertime argued that Debtor had not complied with its duties under the contract, and thus any entitlement to the sums were disputed. In a separate motion filed on December 1, 2003, Summertime requested leave to deposit the disputed amounts with the Court (Docket #669). Debtor replied that it had no objection to the funds being deposited (Docket #676); and the Court granted Summertime's request to deposit the funds. Id.

On February 9, 2004, Debtor filed an Urgent Motion requesting that Summertime be ordered to deposit the amount of $390,579.00 (Docket #742). The Court ordered Summertime to show cause as to why it failed to deposit the funds (Docket #743). On February 9, 2004, Debtor also filed the instant adversary proceeding, seeking the collection of money allegedly owed by Summertime under the construction contract and for turnover of property of the estate (Adv. No. 04-00017).[1]

---

[1]Debtor filed the instant adversary in response to the Court's order to do so.

2

At a hearing held on March 24, 2004, the Court again ordered Summertime to deposit the funds with the Court within ten (10) calendar days and to file an informative motion in compliance with the orders to show cause (Docket #775). On April 5, 2004, Summertime filed a motion for reconsideration of the Court's order to deposit the funds (Docket #804). The Debtor responded to Summertime's motion with an Urgent Motion for civil contempt as a result of Summertime' failure to deposit the funds (Docket #811).

The Court scheduled a hearing on contempt for April 27, 2004, and ordered Debtor to give notice and file certificate of service within five (5) days. On April 15, 2005, Debtor filed a certificate of service in compliance with the Court's order (Docket #812). On the basis of testimony offered by Debtor at the hearing held on April 27, 2005, the Court held that Defendants had ignored the Court's orders to deposit the funds, and instead sold the project identified as Case de Playa/Summertime Beach Resort, receiving approximately $250,000 as a down payment, $500,000, at closing, and a $500,000 note. The Court also made the following findings: there was possible irreparable harm to debtor; strong possibility of prevailing on the merits; and no public interest against issuing a temporary remedy. Thus, the Court ordered Summertime and/or Martinez together with BT to deposit for safekeeping with the Clerk of the Court the $500,000 note, product of the sale of the project of reference, until the matter is

finally heard and decided (Docket #819). The Court also ordered Defendants to pay a $10,000 fine as sanctions for violation of prior orders for violation of the Court's prior orders.[2] At a hearing held on January 25, 2005, the Court took the matter under advisement.

On October 3, 2005, the Court issued a Decision and Order requiring Defendants, within fifteen (15) days, to comply with the Court's previous orders to deposit the sum of $390,579.00, noting that it was in reference to Adv. 04-00017, and to pay the $10,000 fine previously imposed by the Court (Docket #1185, in Legal Case No. 02-02887; Docket #56, in Adv. Case No. 04-00017. The Court also noted that the remedy was only provisional and the Debtor's actual right to obtain the funds was subject to the outcome of the adversary proceeding filed. Accordingly, Summertime's motion for relief from the Court's orders was denied.

On October 19, 2005, Summertime and Martinez filed a Motion for Reconsideration of the Court's Decision and Order (Docket #1229, in Legal Case No. 02-02887; Docket #63, in Adv. Case No. 04-00017). In Summertime's most recent motion for reconsideration, it argues that its offer to deposit the $390,579.00 was made when it thought that it could deposit the money; that due to a change in the projected sale of the Casa de Playa project, resulting in a

---

[2]The Court also ordered Summertime and/or Martinez and the Bank & Trust of Puerto Rico ("BT") to deposit the $500,000 note payable with the Court until the matter was decided.

4

reduction of the sale price, it was unable to comply with the Court's Order; instead, the proceeds of the sale were not dissipated, but were used to pay expenses of the project.[3] Defendants also argue that the Court's order to deposit the funds has the effect of constructively granting an attachment of $390,579.00, without requiring Debtor to post a bond. Finally, Defendants argue that they have been denied due process in that they were not properly notified of the hearing held on April 27, 2004, and thus were not prepared to present their case or to conduct and effective cross-examination of witnesses presented by Debtor.   The Defendants request that the Court reconsider its Decision and Order of October 3, 2005; vacate the order to deposit the $390,579.00; and vacate the order imposed on Defendants as a fine in the amount of $10,000.

On October 28, 2005, Debtor filed an Opposition to the Motion for Reconsideration (Docket #1234, in Legal Case No. 02-02887; Docket #65, in Adv. Case No. 04-00017).   Debtor argues that Defendants are repeating the same arguments made in the previous motion for reconsideration filed on April 5, 2004 (Docket #804). Debtor further argues that the defense of impossibility or inability to comply is not applicable to this case because any inability to comply is self-induced; the relief at issue is

---

[3]The Court takes note of the fact that Summertime made this same argument in its Motion for Reconsideration filed on April 5, 2004 (Docket #804).

preliminary in nature and Defendants are not foreclosed from appealing any final order of the Court; and that Defendant's counsel informed the Court that they were duly notified of the hearing, thus they were afforded due process.

II.  STANDARD UNDER RULE 59 FED. R. CIV. P

Motions for reconsideration under Fed. R. Civ. P. 59, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9023, are entertained by courts if they seek to correct manifest errors of law or fact; present newly discovered evidence; or when there is an intervening change in the law.  Standard Quimica De Venezuela v. Central Hispano Intern., Inc., 189 F.R.D. 202 (D. P.R. 1999) (citing Jorge Surillo & Co. v. Falconer Glass Industries, 37 F.3d 25, 29 (1st Cir. 1994); F.D.I. Corp. v. World University, Inc., 978 F.2d 10, 16 (1st Cir. 1992); Cherena v. Coors Brewing Co., 20 F.Supp.2d 282, 286 (D. P.R. 1998).  Motions for reconsideration must demonstrate why the court should reconsider its prior decision, and must set forth facts or law of strongly convincing nature to induce the court to reverse its decision.  In Re Pabon Rodriguez, 233 B.R. 212, 219 (Bankr. D. P.R. 1999).  A motion for reconsideration may not be used to "repeat old arguments previously considered and rejected, or to raise new legal theories that should have been raised earlier."  National Metal Finishing Co. v. Barclays American/Commercial, Inc., 899 F.2d 119, 123 (1st Cir. 1999).

6

First, the Court finds that the Motion for Reconsideration filed by Summertime and Martinez was untimely. Pursuant to Rule 59(e), any motion to alter or amend judgment must be filed no later than ten (10) days after the entry of the judgment. In the instant case, Summertime and Martinez filed their Motion for Reconsideration on October 19, 2005, sixteen (16) days after the Court issued its Decision and Order.

Second, the Court finds that the arguments made by Summertime and Martinez are not new and have already been addressed by the Court. Moreover, it did not present any newly discovered evidence; and it has not presented any intervening changes in the law which would affect the decision made by the Court.

Finally, the Court holds that the Defendants' argument that they were denied due process, has little merit. In the instant case, a hearing on contempt was held on April 27, 2004, and Debtor filed a certificate of service as proof that Defendants had been duly served with the hearing notice. Defendants appeared represented by counsel and argued that they had not received notice of the hearing and were not prepared to present their case. As a result, the Court decided to allow the witnesses brought before the Court by Debtor to testify, and allow Defendants to cross-examine the witnesses as best they could. The Court further stated that Defendants' counsel could conduct the cross-examination in writing or recall the witnesses at a later hearing (see Docket #820, pp.

7

13-14). Although the contested matter on civil contempt was subsequently continued to June 10, 2004, and then to September 10, 2004, and January 25, 2005, along with the pre-trial in adversary proceeding 04-00017; the Court takes note of the fact that Defendants never requested to recall any of the witnesses presented; nor did it file a motion requesting a hearing to conduct a more extensive cross-examination.

In addition to the numerous court appearances in the instant case, Defendants have had the opportunity to present their case through motions, including two separate motions for reconsideration of the Court's orders to deposit the funds. Thus, in rendering its decision, the Court duly considered all the evidence presented by both parties and rendered its decision accordingly.

WHEREFORE IT IS ORDERED that Defendants' Motion requesting reconsideration of the Court's Decision and Order (Docket #1229, in Legal Case No. 02-2887; Docket #63, in Adv. Case No. 04-00017), shall be, and hereby is DENIED.

SO ORDERED.

San Juan, Puerto Rico, this   23rd   day of November, 2005.

/s/ Gerardo A. Carlo Altieri
Gerardo A. Carlo Altieri
Chief, U.S. Bankruptcy Judge

8