IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

In re:                                :
                                      :
REDONDO CONSTRUCTION CORPORATION,     :    Case No. 02-02887 (GAC)
                                      :
        Debtor                        :    Chapter 11
_____:

DECISION AND ORDER

The debtor had sought an order to show cause against Luis A. Rivera Cabrera ("Rivera") and the Puerto Rico Highway and Transportation Authority ("PRHTA") for violation of 11 U.S.C. § 1141 and the injunction included in the debtor's confirmed plan (dkt. #1542). The Court issued an order to show cause on August 16, 2006, granting Rivera and PRHTA twenty days to respond (dkt. #1587). PRHTA filed a motion to show cause on September 22, 2006 (dkt. #1605). The debtor filed a reply (dkt. #1625). The Court scheduled a hearing for January 31, 2007 (dkt. #1645).

PRHTA appeared at the hearing and Rivera was represented by the same attorney, but Rivera did not personally appear and his non-appearance was not explained until the hearing. The Court found the respondents in contempt for having violated the provisions of 11 U.S.C. § 1141. The Court sanctioned the respondents in the amount of $5,000, which the Court ordered to be paid directly to the debtor within thirty days. The Court also granted the debtor's request for attorney's fees, allowed twenty days for the filing of an application and allowed PRHTA ten days

1

thereafter to object. The Court's order was entered on February 21, 1007 (dkt. #1693).

The debtor filed an application on February 22, 2007, seeking the sum of $4,312.50 for the defense of the third party complaint in the local court (dkt. #1695). PRHTA did not oppose the fee request. Thereafter, on March 8, 2007, the debtor filed a submission of incurred attorney's fees related to prosecution of the order to show cause, requesting the sum of $8,400.00 (dkt. #1706). PRHTA did not oppose this request. On April 4, 2007, the debtor filed a motion (dkt. #1729) seeking to have Rivera incarcerated for failing to comply with the Court's order awarding the debtor sanctions and attorney's fees.

On April 5, the Court entered an order again requiring Rivera and PRHTA to pay the debtor the $5,000.00 in sanctions, as well as $12,712.50 in attorney's fees within fifteen days (dkt. #1730). On April 20, 2007, PRHTA and Rivera filed a motion to inform, for the consignation of funds and for reconsideration (dkt. #1738). PRHTA and Rivera informed that $5,000.00 had been forwarded to the debtor and requested reconsideration of the Court's order to pay the additional sum of $12,712.50 in attorney's fees. PRHTA and Rivera also consigned the attorney's fees with the Court in the debtor's name. PRHTA and Rivera contend that the Court's order scheduling the hearing of January 31, 2007 did not require Rivera's personal appearance and that Rivera was in Washington D.C. on an official

2

government trip from January 30 to February 2, 2007. PRHTA and Rivera also argue that the debtor did not file the fee applications within the twenty days allowed by the court and that the award of fees should be reconsidered since it constitutes a manifest injustice based on the untimeliness of the motions and the exaggerated amount sought. PRHTA and Rivera also argue that the Court erred in previously concluding that they failed to appear before the Court at the hearing of January 31, 2007.

PRHTA filed a second urgent motion to inform that the Clerk's Office returned the check consigned for the debtor because it was not made payable to the Clerk and requested ten days to replace the check (dkt. #1739).

The debtor filed an answer to the motion to inform, for the consignation of funds and for reconsideration (dkt. #1746). The debtor claims that the motions for attorney's fees were filed on a timely basis, since the Court's order directing the debtor to file the motions was not entered until February 21, 2007. Moreover, although the debtor contends that Rivera should have appeared at the hearing of January 31, 2007, the debtor argues that attorney's fees were imposed against PRHTA and Rivera for contemptuous conduct in violating the order of confirmation and 11 U.S.C. § 1141. The debtor also argues that PRHTA and Rivera did not seek reconsideration of the original order requiring the payment of attorney's fees and did not appeal. The debtor also contends that

3

the belated request for reconsideration fails to satisfy the standard for reconsideration and that PRHTA and Rivera, while stating that the attorney's fees are exaggerated, fail to point out even one entry in the applications that could be considered unwarranted. In sum, the debtor argues that the contentions raised are a repetition of the oral argument at the hearing.

<u>DISCUSSION</u>

The Court's order holding PRHTA and Rivera in contempt was entered on February 21, 2007. Thus, the debtor had until March 13, 2007 to file an application for compensation. The debtor filed the applications on February 22 and March 8, 2007. PRHTA had until, at the latest, March 19, 2007, to object to the fees requested. PRHTA did not object. On April 5, 2007, the Court again ordered Rivera and PRHTA to pay the sanctions and the attorney's fees. PRHTA did not seek reconsideration of this order until April 20, 2007, or fifteen days after entry of the order.

As a request to alter or amend the Court's order pursuant to Federal Rule of Bankruptcy Procedure 9023, which makes Federal Rule of Civil Procedure 59 applicable, PRHTA and Rivera's motion is clearly untimely. This Rule states that "[a]ny motion to alter or amend a judgment must be filed no later than 10 days after entry of the judgment." Fed. R. Civ. P. 59(e). Likewise, under Federal Rule of Bankruptcy Procedure 7052, which makes Federal Rule of Civil Procedure 52 applicable, the motion must be filed within ten

4

days after entry of the judgment. Fed. R. Civ. P. 52(b). Assuming that PRHTA is actually proceeding under Federal Rule of Civil Procedure 60(b), made applicable by Federal Rule of Bankruptcy Procedure 9024, the First Circuit Court of Appeals has stated that relief from judgment under this rule is an  extraordinary remedy and that motions seeking to invoke it should be granted sparingly. Gonzalez-Pina v. Rodriguez, 407 F.3d 425, 433 (1st Cir. 2005)(*citing* Karak v. Bursaw Oil Corp., 288 F.3d 15, 19 (1st Cir. 2002)).  The basic grounds for granting relief from judgment are mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, fraud, etc.  See Fed. R. Civ. P. 60(b).  PRHTA and Rivera have not alleged any of these grounds, but rather are attempting to satisfy the less stringent standard imposed by Federal Rules of Civil Procedure 52 or 59, for which they do not qualify.

While the Court noted at the hearing of January 31, that Rivera failed to appear, the basis for the imposition of attorney's fees on PRHTA and Rivera was for violating the order of confirmation.  PRHTA and Rivera failed to object to the applications filed and even now, state that the applications are exaggerated but fail to explain why or to object to any of the specific entries.  Accordingly, the request for reconsideration will be denied.

ORDER

WHEREFORE IT IS ORDERED that PRHTA and Rivera's motion for reconsideration (dkt. #1738) of the Court's order (dkt. #1730) requiring that they pay the sum of $12,712.50 in attorney's fees shall be, and it hereby is, DENIED.  PRHTA and Rivera are granted fifteen days to pay the attorney's fees.

SO ORDERED.

San Juan, Puerto Rico, this 8th day of June, 2007.

BY THE COURT:

s/ Gerardo A. Carlo

_____
GERARDO A. CARLO
U.S. Bankruptcy Judge

6