IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

In re:                                  :
                                        :
REDONDO CONSTRUCTION CORPORATION,       :    Case No. 02-02887 (GAC)
                                        :
          Debtor                        :    Chapter 11
_____:

DECISION AND ORDER

On March 20, 2003, Wal-Mart Stores, Inc. and Wal-Mart Puerto Rico (collectively "Wal-Mart") filed a motion for leave to file a late proof of claim (dkt. #408), together with an unsecured proof of claim in the amount of $4,844,559.83, premised on alleged construction defects caused by the debtor, Redondo Construction Corp. ("RCC"), resulting in the collapse of the roof of Wal-Mart's store at the Mayaguez Mall in Mayaguez, Puerto Rico, on September 21-22, 1998, during the passage of Hurricane Georges. Over RCC's opposition, on October 8, 2003, the Court entered an order granting Wal-Mart's motion for the filing of its late proof of claim (dkt. #580).

On August 26, 2005, RCC filed an objection to Wal-Mart's claim on the merits, which was answered by Wal-Mart on September 13, 2005 (dkts. #1119 and #1128, respectively). Thereafter, the parties engaged in various discovery disputes and sought extensions of time, until on February 1, 2007, RCC filed a motion for summary judgment, with a supporting statement of material facts (dkt. #1674 and #1675, respectively). Wal-Mart opposed the motion on February

1

13, 2007 (dkt. #1686).  Prior to determination of the motion for summary judgment, RCC filed a motion to stay determination of the motion for summary judgment, pending discovery (dkt. #1733).  This motion was granted.

The pretrial was rescheduled various times, the last for November 14, 2008.  On September 19, 2008, RCC filed a second motion for summary judgment (dkt. #1994).  In this motion, RCC seeks summary judgment and dismissal of Wal-Mart's claim as a sanction for failure to comply with discovery.  RCC claims that Wal-Mart has never produced a complete copy of the construction contract and that RCC has been requesting this document since February 10, 2006.

On September 29, 2008, Wal-Mart filed an opposition to RCC's motion for summary judgment (dkt. #1998).  Wal-Mart contends that RCC has not produced a single document nor any of its witnesses in response to the numerous discovery requests propounded by Wal-Mart. Wal-Mart indicates that it has never produced a complete copy of the construction contract because it has been unable to locate a complete copy of the agreement.  Wal-Mart further states that its counsel has appeared twice in the offices of RCC's counsel for inspection and copying of documents and on both occasions, RCC produced only the documents which Wal-Mart produced pursuant to RCC's discovery requests.  Finally, Wal-Mart indicates that it has not conducted a deposition of Eng. Roberto Arrieta and other

Redondo witnesses, whom Wal-Mart noticed for depositions, because it cannot conduct meaningful depositions without the documents. Wal-Mart contends that it is critical to depose a custodian of records for RCC to determine the whereabouts of RCC's files and documents related to the construction of Wal-Mart's building.

Prior to the pretrial hearing on November 14, 2008, Wal-Mart sought to convert the hearing to a status conference or continue the pretrial to December 2, 2008, the date that the trial was to commence.  Wal-Mart also sought until April of 2009 to conclude discovery.  The Court converted the hearing to a status conference and thereafter, RCC filed a motion for continuance of the hearing of November 14, 2008, indicating that its counsel would not be Puerto Rico for the hearing.  The hearing was held and both parties argued that the other had failed to comply with discovery.  The hearing was continued to Monday, November 17, 2008 at 4:00 p.m. Upon further review of the documents, the Court concluded that a hearing is unnecessary and cancelled the hearing of November 17, 2008, indicating that an order would be issued.

<u>DISCUSSION</u>

Upon reviewing the transcript of the hearing held on February 8, 2008, it is clear to the Court that in nine months neither side has made any progress with the discovery and both parties are admonished for failing to act diligently.  At the hearing of February 8, Wal-Mart indicated that it had various depositions to

take, but that it could not take meaningful depositions without construction documents that RCC has not produced. The Court granted Wal-Mart thirty days to depose Eng. Arrieta, who was a Chief Engineer of RCC, is the administrator of the litigation trust and RCC has represented that he is the Custodian of Documents. The Court indicated that if this deposition was insufficient, Wal-Mart could depose another Rule 30(b)(6) witness to attempt to locate the documents. The Court also suggested that there may be other means of obtaining the documents. Likewise, at the hearing of February 8, RCC could not even state who it intended to depose. RCC indicated that its depositions would depend upon the depositions taken by Wal-Mart, the outcome of its motion for summary judgment and the result of its pending discovery requests, namely production of the construction agreement, in its entirety.

In RCC's second motion for summary judgment, it claims entitlement to judgment based on Wal-Mart's failure to comply with its discovery requests. Wal-Mart likewise claims that RCC has failed to comply with its requests. Like a broken record, over and over, each side blames the other for their individual failure to take any action to prosecute their respective positions.

The Court finds it hard to fathom that both Wal-Mart and RCC are not in possession of the complete construction contract for the subject building. Likewise, both parties should also be in possession of the construction documents; Wal-Mart as the owner and

4

RCC as the general contractor.  The Court concludes that both parties are to blame for the present state of affairs and thus, will deny RCC's second motion for summary judgment.

If the parties are unable to locate the documents requested by the other, as they have repeatedly represented to the Court, the parties will have to proceed with the evidence they have available. Nonetheless, given that the parties have failed to conduct their respective depositions, they are clearly unable to proceed to trial on the dates set aside by the Court in December.  Accordingly, the trial dates will be vacated.

As to RCC's original motion for summary judgment, RCC is entitled to summary judgment if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  See Fed. R. Civ. P. 56(c); Fed. R. Bankr. P. 7056.  See also Celotex Corp. v. Catrett, 477 U.S. 317, 322, (1986).  Summary judgment cannot be granted if there are issues of material fact.  A material issue is one that affects the outcome of the litigation.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The Court should draw all reasonable inferences from the facts in the manner most favorable to the nonmovant.  Desmond v. Varrasso (In re Varrasso), 37 F.3d 760, 763 (1st Cir. 1994); Piccicuto v.

<u>Dwyer</u>, 39 F.3d 37, 40 (1st Cir. 1994). Conclusory allegations, improbable inferences and unsupported speculation do not suffice to support a motion for summary judgment. <u>Hadfield v. McDonough</u>, 407 F.3d 11, 15 (1st Cir. 2005). Moreover, "summary judgment is inappropriate if inferences are necessary for the judgment and those inferences are not mandated by the record." <u>In re Varrasso</u>, 37 F.3d at 763.

RCC bases its initial claim for summary judgment on its conclusory allegation that the alleged defects asserted by Wal-Mart, were obvious and apparent defects. RCC claims that if the store was built without required roof drainage, causing it to collapse four years after acceptance of the project, this would have been easily observable by Wal-Mart, "who provided the plans and specifications for the construction of the Mayaguez Wal-Mart Store and inspected the same during its construction and at the time of the conclusion thereof." (Dkt. #1674 at p. 2).

RCC cites the Laws of Puerto Rico, which provide that:

> The contractor of a building which may have been destroyed by reason of defects in the construction shall be liable for the losses and damages if said building should collapse within ten (10) years, to be counted from the completion of the construction; and during the same time the same liability shall be incurred by the architect who may have directed the work if the collapse is due to defects in the ground or in the direction. If the cause should be the noncompliance of the contractor with the conditions of the contract, the action for indemnity may be brought within fifteen (15) years.

31 L.P.R.A. § 4124.

RCC elaborates, citing Richmond Steel, Inc. v. Legal and General Assur. Soc., Ltd., 825 F.Supp. 443 (D.P.R. 1993), that the guarantees of 31 L.P.R.A. § 4124 only apply to hidden defects, not to visible defects.  A contractor is not responsible for defects that are apparent and can be appreciated by simple view or by inspection.  Gonzalez v. Agostini, 79 P.R. 481, 79 P.R. Dec. 510 (P.R. 1956).  Likewise, if the contractor fails to comply with some specifications of the contract and the owner has knowledge of the failure, either directly, or through his inspector, in the absence of fraud and after acceptance of the work, there is no right to claim for construction defects.  Id.; Pueblo v. Berrios, 54 P.R. Dec. 504 (P.R. 1962); Constructora Bauza, Inc. v. Garcia Lopez, 91 JTS 99, 129 P.R. Dec. 579 (P.R. 1991).

RCC substantiates its request with the report of Architect Richard Stipe, which indicates that the Wal-Mart building was constructed without the required overflow drains and "scuppers." His review of the design drawings reflect that the building was designed to be constructed with overflow scuppers and drains.  He indicates that they were mandated by generally accepted engineering, architectural and construction practices.  In his opinion, the collapse occurred because the primary roof drains became obstructed with debris and the overflow scuppers and overflow drains were not installed.  Architect Stipe further opined that the failure to install the overflow scuppers and drains

constituted a failure to construct the building in accordance with the building plans and in compliance with the building code.

Wal-Mart opposed RCC's motion for summary judgment, citing Rosello Cruz v. Garcia, 1985 JTS 54, 116 P.R. Dec. 511 (1985), contending that the collapse of the roof was due to a hidden construction defect, which creates a rebuttable presumption of fault on the part of RCC. Thus, RCC must present incontrovertible evidence that Wal-Mart cannot prevail under any set of circumstance. Wal-Mart contends that lack of adequate drainage is a compensable construction defect under Article 1483, citing Geigel v. Mariani, 85 P.R 43, 86 P.R. Dec. 46 (P.R. 1962). Wal-Mart argues that the passage of time made the "undiscoverable hidden defect" apparent; i.e. four years elapsed from the acceptance of the building and the lack of adequate drainage became apparent to Wal-Mart with the collapse of the roof during Hurricane Georges.

While Wal-Mart addresses *force majeure*, RCC has not argued that the roof collapsed due to the Hurricane and forces beyond its control. Wal-Mart further argues that RCC failed to advise it that the proposed work did not meet the measure of safety required by the profession, applicable laws and regulations and that if it had, RCC had the duty to refuse to undertake the work. Gonzalez v. Agostini, 79 P.R. 481 (P.R. 1956); Geigel v. Mariani, 85 P.R. 46 (P.R. 1962).

The Court concludes that whether the failure to install

overflow scuppers and drains was an apparent defect or whether it was a hidden defect, only becoming apparent to Wal-mart after the collapse of the roof, is an issue of material fact which precludes the entry of summary judgment.  The Court cannot infer that the failure to install the overflow scuppers and drains was an apparent defect because that inference is not mandated by the record. Moreover, RCC has itself argued that the installation of overflow scuppers and drains was mandated by generally accepted engineering, architectural and construction practices and that the lack of the overflow scuppers and drains caused the roof collapse.  Neither RCC nor Wal-Mart has addressed who was responsible for the elimination of the overflow scuppers and drains from the construction plans, nor has RCC addressed why it delivered construction work that did not, by its expert's own admission, meet the measure of safety required by the profession, applicable laws and regulations. Accordingly, RCC's initial motion for summary judgment will be denied.

9

ORDER

WHEREFORE IT IS ORDERED that RCC's motions for summary judgment (dkts. #1674 and dkts. #1994) shall be, and they hereby are, DENIED.

IT IS FURTHER ORDERED that the trial scheduled to commence on December 2, 2008, is vacated.

IT IS FURTHER ORDERED that both parties are admonished for their failure to conclude discovery.

IT IS FURTHER ORDERED that no additional dispositive motions will be entertained by the Court.

IT IS FURTHER ORDERED that both parties are granted a final extension of ninety (90) days to depose any and all witnesses that they intend to depose.  The failure to produce cited witnesses for deposition will result in sanctions, which may include stiff monetary penalties, in excess of $5,000, and/or determination of the contested matter against the non-compliant party.

IT IS FURTHER ORDERED that the Court will not consider any further motions regarding failure to produce documents, as both parties have stated that they have no further documentation in their possession.  The parties should prepare to proceed to trial with the evidence in their possession and that obtained through their depositions.  The repercussions of the failure to produce documentation, if a party was legally obligated to retain it, will be addressed at that time.

IT IS FURTHER ORDERED that a final pre-trial is scheduled for Friday, March 13, 2009 at 9:00 a.m.   The trial dates will be determined at that time.   The parties shall file the pre-trial report by March 16, 2009.

SO ORDERED.

San Juan, Puerto Rico, this 18th day of November, 2008.

BY THE COURT:

s/ Gerardo A. Carlo

_____
GERARDO A. CARLO
U.S. Bankruptcy Judge

11