IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| In re: | : | |
| | : | |
| REDONDO CONSTRUCTION CORPORATION, | : | Case No. 02-02887 (GAC) |
| | : | |
| Debtor | : | Chapter 11 |
| _____ | : | |

DECISION AND ORDER

At a hearing held on December 16, 2008, the Court entered an order concluding that part of the funds from an arbitration award related to highway PR-53 corresponded to General Power ("GP") and that the funds were not property of the estate. The Court concluded that GP was entitled to $200,344.47, less $77,958.77, its share of the litigation expenses. The minutes of the hearing were entered on January 20, 2009 (dkt. #2105).

On January 30, 2009, GP filed a motion to alter or amend the order (dkt. #2109). On February 2, 2009, Banco Popular de Puerto Rico ("BPPR") also filed a motion to alter or amend (dkt. #2111), a notice of appeal (dkt. #2112) and a motion for stay pending appeal (dkt. #2114). On February 3, 2009, General Electric Capital Corporation of Puerto Rico ("GEC") filed a motion joining BPPR's motion to alter or amend (dkt. #2118). GP filed a cross-appeal (dkt. #2135).

DISCUSSION

I. Legal Standard

GP seeks to alter or amend the judgment pursuant to Federal

1

Rule of Bankruptcy Procedure 9023, which makes Federal Rule of Civil Procedure 59 applicable.  This Rule states that "[a]ny motion to alter or amend a judgment must be filed no later than 10 days after entry of the judgment."  Fed. R. Civ. P. 59(e).  In seeking reconsideration under Federal Rule of Civil Procedure 59(e), "the moving party must 'either clearly establish a manifest error of law or must present newly discovered evidence.'"  Marie v. Allied Home Mortgage Corp., 402 F.3d 1, 7 n. 2 (1st Cir. 2005)(*quoting* Pomerleau v. W. Springfield Pub. Sch., 362 F.3d 143, 146 n. 2 (1st Cir. 2004)).  In Marie, the First Circuit also cited a leading treatise, noting four grounds for granting a motion for reconsideration under Federal Rule of Civil Procedure 59(e).  These are "manifest errors of law or fact, newly discovered or previously unavailable evidence, manifest injustice, and an intervening change in controlling law."  Marie v. Allied Home Mortgage Corp., 402 F.3d at 7 n. 2 (citing 11 C. Wright et al., *Federal Practice & Procedure* § 2810.1 (2d ed.1995)).

As BPPR and GEC did not file their motion to alter or amend within ten days, they are held to the more stringent standard of Federal Rule of Civil Procedure 60(b), made applicable by Federal Rule of Bankruptcy Procedure 9024.  The First Circuit Court of Appeals has stated that relief from judgment under Federal Rule of Civil Procedure Rule 60(b) is an extraordinary remedy and that motions seeking to invoke that rule should be granted sparingly.

2

Gonzalez-Pina v. Rodriquez, 407 F.3d 425, 433 (1st Cir. 2005)(*citing* Karak v. Bursaw Oil Corp., 288 F.3d 15, 19 (1st Cir. 2002)). The basic grounds for granting relief from judgment under this rule are mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, fraud, or a contention that the judgment is void or that it has been satisfied, released or discharged. See Fed. R. Civ. P. 60(b).

II. GP's Motion to Alter or Amend

GP claims that the Court erred in calculating the award attributed to GP. The Court indicated that it was awarding GP $200,344.47, less $77,958.77, its share of the litigation expenses. Upon further review, however, the Court concludes that an error was made in the calculation of the amount due GP. The total initial award was $472,760.63, of which 42.38% corresponded to GP, or $200,344.47. However, the total of the award, after interest, increased to $750,000. GP's 42.38% of the award, increased to $317,850, with interest. The total expenses were $183,951.80. GP's share of the expenses, proportional to its share of the award, is $77,958.77. Thus, the total due GP is $317,850, less $77,958.77, for a total of $239,891.23. The award to GP will be adjusted accordingly.

III. BPPR's Motion to Alter or Amend (joined by GEC)

In essence, BPPR takes issue with the Court's legal and factual findings, and the evidence upon which the Court based its

findings and conclusions. BPPR alleges that the Court erred in concluding that the funds from the arbitration were deposited with the Court; erred in concluding that the funds awarded to GP were not property of the estate; erred in concluding that funds were earmarked for GP in the arbitration award; erred in concluding that GP claimed directly from the Puerto Rico Highway and Transportation Authority and; erred in concluding that GP's claim was a pass through claim.

All of these issues were raised by BPPR and GEC prior to the Court's decision. The Court concludes that BPPR and GEC have not alleged extraordinary grounds, nor addressed any of the specific grounds for relief from judgment under Fed. R. Civ. P. 60(b). Rather, they have merely reiterated arguments which the Court previously considered and rejected. The Court will not rehash the arguments here. Accordingly, the motions to alter or amend will be denied.

III.  BPPR's Motion for Stay Pending Appeal

BPPR requests that the Court stay disbursement of funds to GP pending resolution of all appeals. BPPR requests the stay to safeguard the funds and prevent their dissipation prior to resolution of the appeals.

A motion for stay pending appeal is filed pursuant to Federal Rule of Bankruptcy Procedure 8005. Allowance of a motion for stay pending appeal of a judgment is discretionary. Courts consider the

4

traditional four-part standard applicable to injunctions. <u>See</u> <u>Acevedo-Garcia v. Vera-Monroig</u>, 296 F.3d 13, 16 (1st Cir. 2002). The Court must consider "(1) whether the applicant has made a strong showing of success on the merits; (2) whether the applicant will be irreparably harmed absent injunctive relief; (3) whether issuance of the stay will injure other parties; and (4) where the public interest lies." <u>Id</u>. at 16 n. 3. "'The sine qua non [of the stay pending appeal standard] is whether the [movants] are likely to succeed on the merits.'" <u>Id</u>. at 16 (<u>quoting</u> <u>Weaver v.</u> <u>Henderson</u>, 984 F.2d 11, 12 (1st Cir. 1993)). "'What matters ... is not the raw amount of irreparable harm [a] party might conceivably suffer, but rather the risk of such harm in light of the party's chance of success on the merits.'" <u>P.R. Hosp. Supply, Inc. v.</u> <u>Boston Scientific Corp.</u>, 426 F.3d 503, 507 n. 1 (1st Cir. 2005)(quoting the Massachusetts standard, which "closely tracks the federal standard").

The Court concludes that BPPR has demonstrated some likelihood of prevailing on the merits of his appeal. An appellate court could determine that all of the funds pertaining to the arbitration award were property of the debtor's estate, that the funds were not earmarked for GP and that GP's claim was not a pass through claim. This would affect payment of GP's claim, since it did not file a claim against the bankruptcy estate.

While the Court can not conclude that BPPR will be irreparably harmed absent a stay, neither can the Court conclude that a stay will injure any other party. The public interest would lie in not distributing the funds, absent resolution of the appeals. Granting a stay, will signify that the funds will remain on deposit with the Court. Accordingly, the Court will grant stay pending appeal.

<u>ORDER</u>

WHEREFORE IT IS ORDERED that General Power's motion to alter or amend order (dkt. #2109) shall be, and it hereby is, GRANTED. General Power is awarded the sum of $239,891.23.

IT IS FURTHER ORDERED that the motions for relief from judgment filed by Banco Popular de Puerto Rico and General Electric Capital Corporation of Puerto Rico (dkts. #2111 and #2118) shall be, and hereby are, DENIED.

IT IS FURTHER ORDERED that Banco Popular de Puerto Rico's motion for stay pending appeal (dkt. #2114) shall be, and it hereby is, GRANTED.

SO ORDERED.

San Juan, Puerto Rico, this 14th day of May, 2009.

BY THE COURT:

s/ Gerardo A. Carlo

_____
GERARDO A. CARLO
U.S. Bankruptcy Judge

6