**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO**

IN RE:

REDONDO CONSTRUCTION CORPORATION

Case No. 02-02887 ESL

Chapter 11

OPINION AND ORDER

This case is before the court upon the Debtor's *Motion for Reconsideration and/or Determination of Additional Facts Under Fed. R. Civ. Proc. R. 59; 52 (Fed. R. Bankr. Proc. 9023, 7052)* (Docket No. 478), *Lord's Opposition to Debtor's Motion for Reconsideration and Determination of Additional Facts* (Docket No. 2655), the Debtor's *Response to Lord's Opposition to Debtor's Motion for Reconsideration* (Docket No. 2657) and *Lord's Sur-Reply to Debtor's Response to Lord's Opposition to Motion for Reconsideration* (Docket No. 2663). The Debtor's *Motion for Reconsideration and/or Determination of Additional Facts Under Fed. R. Civ. Proc. R. 59; 52 (Fed. R. Bankr. Proc. 9023, 7052)* is hereby denied.

Legal Analysis and Discussion

"Motions to reconsider are not recognized by the Federal Rules of Civil Procedure or the Federal Rules of Bankruptcy Procedure *in haec verba*." In re Lozada Rivera, 470 B.R. 109, 112 (Bankr. D.P.R. 2012), *citing* Jimenez v. Rodriguez (In re Rodriguez), 233 B.R. 212, 218-219 (Bankr. D.P.R. 1999), conf'd 17 Fed. Appx. 5 (1st Cir. 2001). *Also see* Van Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir. 1991); Lavespere v. Niagara Mach. & Tool Works Inc., 910 F.2d 167, 173 (5th Cir. 1990), cert. denied 510 U.S. 859, abrogated on other grounds by Little v. Liquid Air Corp., 37 F.3d 1069, 1075-1076 (5th Cir. 1994). Rather, federal courts have considered motions so denominated as either a motion to "alter or amend" under Fed. R. Civ. P.

59(e) or a motion for relief from judgment under Fed. R. Civ. P. 60(b), made applicable to bankruptcy proceedings through Fed. R. Bankr. P. 9023 and 9024. See Fisher v. Kadant, Inc., 589 F.3d 505, 512 (1st Cir. 2009) (noting a motion for reconsideration implicated either Fed. R. Civ. P. 59(e) or 60(b)); Equity Security Holders' Committee v. Wedgestone Financial (In re Wedgestone Financial), 152 B.R. 786, 788 (D. Mass. 1993). "These two rules are distinct; they serve different purposes and produce different consequences. Which rule applies depends essentially on the time a motion is served. If a motion is served within fourteen days of the rendition of judgment, the motion ordinarily will fall under Rule 59(e). If the motion is served after that time, it falls under Rule 60(b)." In re Lozada Rivera, 470 B.R. at 113, quoting Van Skiver, 952 F.2d at 1243. Also see Universal Ins. Co. v. DOJ, 866 F. Supp. 2d 49, 73 (D.P.R. 2012) ("A motion is characterized pursuant to [Fed. R. Civ. P.] 59(e) or [Fed. R. Civ. P.] 60(b) based upon its filing date.") "The substance of the motion, not the nomenclature used or labels placed on motions, is controlling." In re Lozada Rivera, 470 B.R. at 113. Under either rule, "the granting of a motion for reconsideration is 'an extraordinary remedy which should be used sparingly.'" Palmer v. Champion Mortg., 465 F.3d 24, 30 (1st Cir. 2006) (citations omitted).

In the instant case, Debtor's *Motion for Reconsideration* was filed within fourteen (14) days of the entry of the *Opinion and Order* (Docket No. 2652). Therefore, it will be considered under Fed. R. Civ. P. 59(e), applicable to bankruptcy proceedings through Fed. R. Bankr. P. 9023.

Fed. R. Civ. P. 59(e) itself does not state the grounds on which relief under the rule may be granted. Therefore, trial courts have considerable discretion in deciding whether to grant or deny a motion to alter or amend under Fed. R. Civ. P. 59(e). See ACA Fin. Guar. Corp. v. Advest, Inc., 512 F.3d 46, 55 (1st Cir. 2008) ("[Trial] courts enjoy considerable discretion in deciding [Fed. R. Civ. P.] 59(e) motions, subject to circumstances developed in the case law."); Venegas-Hernández v. Sonolux Records, 370 F.3d 183, 190 (1st Cir. 2004), citing Edward H. Bohlin Co. v. Banning Co., 6 F.3d 350, 355 (5th Cir. 1993); Robinson v. Watts Detective Agency, 685 F.2d 729, 743 (1st Cir. 1982).

Generally, in order for a motion for reconsideration to proceed under Fed. R. Civ. P. 59(e), the movant must clearly establish a manifest error of law or fact or present newly discovered evidence that could not have been diligently found during the case.  See Schwartz v. Schwartz (In re Schwartz), 409 B.R. 240, 250 (B.A.P. 1st Cir. 2008), *citing* In re Rodriguez, 233 B.R. at 219. The Court of Appeals for the First Circuit has explained that "a motion for reconsideration brought under Fed. R. Civ. P. 59(e) must be based upon newly discovered evidence or a manifest error of law or fact."  BBVA v. Vazquez (In re Vasquez), 471 B.R. 752, 760 (B.A.P. 1st Cir. 2012), Aybar v. Crispin-Reyes, 118 F.3d 10, 16 (1st Cir. 1997).  "To meet the threshold requirements of a successful [Fed. R. Civ. P.] 59(e) motion, the motion must demonstrate the reason why the court should reconsider its prior decision and must set forth facts or law of a strongly convincing nature to induce the court to reverse its earlier decision."  In re Schwartz, 409 B.R. at 250 (citations omitted).

"A motion for reconsideration 'does not provide a vehicle for a party to undo its own procedural failures and it certainly does not allow a party to introduce new evidence or advance arguments that could or should have been presented to the district court prior to the judgment." Marks 3-Zet-Ernst Marks GmBh & Co. KG v. Presstek, Inc., 455 F.3d 7, 15-16 (1st Cir. 2006) (citations omitted).  Thus, a motion for reconsideration cannot be used as a vehicle to re-litigate matters already litigated and decided by the court.  See Standard Química de Venezuela v. Central Hispano International, Inc., 189 F.R.D. 202, 205 fn.4 (D.P.R. 1999).  "A party cannot use a Rule 59(e) motion to rehash arguments previously rejected or to raise ones that 'could, and should, have been made before judgment issued."  See Soto-Padró v. Public Buildings Authority, 675 F.3d 1, 9 (1st Cir. 2012) (citations omitted).  Conversely, the court should renew and reconsider whether it "patently misunderstood a party … or has made an error not of reasoning by apprehension."  Ruiz Rivera v. Pfizer Pharmaceuticals, LLC, 521 F.3d 76, 82 (1st Cir. 2008).  Also see Mulero-Abreu v. Puerto Rico Police Department, 675 F.3d 88, 94-95 (1st Cir. 2012) (granting reconsideration in cases of "manifest error of law").  "The granting of a motion for reconsideration

is an extraordinary remedy which should be used sparingly." United States ex rel. Ge v. Takeda Pharm. Co., 737 F.3d 116, 127 (1st Cir. 2013).  "In practice, because of the narrow purposes for which they are intended, [Fed. R. Civ. P. 59(e)] motions typically are denied."  Wright & Miller 11 Federal Practice and Procedure § 2810.1 (2nd ed. 2012) at p. 171. "[M]otions for reconsideration should not give parties a 'second bite at the apple' or 'another roll of the dice'". Conway v. A.I. DuPont Hosp. for Children, 2009 U.S. Dist. LEXIS 45198 at *13, 2009 WL 1492178 at *4 (E.D. Pa. 2009).  Also see BBVA v. Santiago-Vazquez (In re Santiago-Vazquez), 471 B.R. 752, 761 (B.A.P. 1st Cir. 2012) ("in denying reconsideration, the bankruptcy court correctly applied the First Circuit precedent against a second bite at the apple: litigants may not use Fed. R. Civ. P. 59(e) to advance arguments they could have made earlier").

For a motion for reconsideration to succeed, "the movant must demonstrate either that newly discovered evidence (not previously available) has come to light or that the rendering court committed a manifest error of law." Mulero-Abreu v. P.R. Police Dep't, 675 F.3d 88, 94 (1st Cir. 2012). "Where evidence is not newly discovered, a party may not submit that evidence in support of a motion for reconsideration." Lepore v. Vidockler, 792 F. 2d 272, 274 (1st Cir. 1986) (Referencing Rule 60(b)). *See also* Harsco Corp. v. Zlotnicki, 779, F.2d 906, 909 (3rd Cir. 1985).

Fed. R. Civ. P. 52(b), applicable to bankruptcy proceedings through Fed. R. Bankr. P. 7052, allows "the correction of any manifest errors of law or fact that are discovered, upon reconsideration, by the trial court." National Metal Finishing Company v. Barclays American Commercial, Inc., 899 F.2d 119, 122 (1st Cir. 1990). Fed. R. Civ. P. 52(b) motions proceed only when a party demonstrates a manifest error of law or fact, or in limited situations to present newly discovered evidence. *See* In Re Braithwaite, 197 B.R. 834, 835 (Bankr. N.D. Ohio 1996) *citing* Fontenot v. Mesa Petroleum Co., 791 F.2d 1207, 1219 (5th Cir. 1986). "A motion to amend the Court's findings of fact should be based on a 'manifest error of law or mistake of fact, and a judgment should not be set aside except for substantial reasons.'" In Re Novak, 223 B.R. 363,

371 (Bankr. M.D. Fla. 1997), *citing* Ramos v. Boehringer Manheim Corp., 896 F. Supp. 1213, 1214 (S.D. Fla. 1994).

"The primary purpose of Rule 52(b) is to enable the appellate court to obtain a correct understanding of the factual issues determined by the trial court as a basis for the conclusions of law and the judgment entered thereon". Wright and Miller, 9C Federal Practice and Procedure § 2582 (3d 2017). Motions to amend should not be "employed to introduce evidence that was available at trial but was not proffered, to relitigate old issues, to advance new theories, or to secure a rehearing on the merits." Fontenot v. Mesa Petroleum Co., 791 F.2d 1207, 1219 (5th Cir. 1986). Fed R. Civ. P. 52(b) was not created to allow litigants to relitigate old issues. National Metal Finishing Co. v. BarclaysAmerican/Commercial, Inc., 899 F. 2d 119, 123 (1st Cir. 1990). Therefore, "[a] party who failed to prove his strongest case is not entitled to a second opportunity to litigate a point, to present evidence that was available but not previously offered, or to advance new theories by moving to amend a particular finding of fact or a conclusion of law." Wright and Miller, 9C Federal Practice and Procedure § 2582 (3d 2017).

On its *Motion for Reconsideration and/or Determination of Additional Facts Under Fed. R. Civ. Proc. R. 59; 52 (Fed Rule Bankr. Proc. 9023, 7052)*, the Debtor alleges one principal issue related to its interpretation of the *Opinion and Order* (Docket No. 2652), and requests the court to include additional findings of fact and to amend an alleged factual finding of the court, as follows:

(1) "From the Opinion and Order, it appears to be that the Court, validated Lord's right to collect the 15% post judgment interest validating the footnote at the Supplement of the Plan which reads: "As per an agreement of August 15, 1994, as amended, with Continental Lord, Inc. ("CLI"), CLI is entitled to a 15% pass through from the recovery by Debtor, less proportionated expenses". Nevertheless, it appears to be that such amendment was not applied to the overpayment made by the Litigating Trust Administrator, Mr. R.A. Arrieta to Lord after such amendment was approved by the parties and incorporated in the Supplement to the Plan, through a footnote."

(2) The Debtor requests the court to include additional facts, as described in Paragraph (3) of its *Motion for Reconsideration and/or Determination of Additional Facts Under Fed. R. Civ. Proc. R. 59; 52 (Fed Rule Bankr. Proc. 9023, 7052)* (Docket No. 2654, page 2), related to certain exhibits regarding the distribution of 15% to Lord and 85% to Redondo for the pass-through claim and the alleged overpayment.

(3) The Debtor requests the court "…to make an additional factual determination that attorney Charles Cuprill represented the Debtor from the filing of the Bankruptcy Case until July 26, 2017, and as per his own motion, it withdraw legal representation due to a conflict of interest raised by Continental Lord, Inc. itself".

(4) The Debtor requests the Court "… to correct the following fact at page 39, where it states: "Both parties refer to documentation such as the liquidating agreement, the Debtor's attorney Memorandum, and the Trust Administrator's Memorandum, which were never presented to the court in order to persuade it to accept a particular position." However, the record of the case is clear that the Debtor not only argued the content of such documents, but provided the Court with copies…"

The court finds that the Debtor has failed to meet the standard of Fed. R. Civ. P. 59(e) and 52(b). The Debtor readdresses in its *Motion for Reconsideration and/or Determination of Additional Facts Under Fed. R. Civ. Proc. R. 59; 52 (Fed Rule Bankr. Proc. 9023, 7052)* the overpayment allegation, arguing that the court validated the 15% footnote for the calculation of the interests but did not to recognize the overpayment pursuant to the same footnote. However, the court extensively discussed the application of the judicial estoppel doctrine to the Debtor based on its actions and claims to the court. "The doctrine of judicial estoppel is equitable in nature. It operates to prevent a litigant from taking a litigation position that is inconsistent with a litigation position successfully asserted by him in an earlier phase of the same case or in an earlier

court proceeding." <u>Perry v. Blum</u>, 629 F. 3d 1, 8 (1st Cir. 2010). The three principal requirements of the doctrine are the following: (1) a party's earlier and later position must be clearly inconsistent; (2) the party must have succeeded in persuading a court to accept the earlier position and (3) the party seeking to assert the inconsistent position must stand to derive an unfair advantage if the new position is accepted by the court. *Id.*

In the present case, the court concluded that "… both Lord and Redondo have fallen short in the application of the three factors that are generally required for the applicability of the doctrine of judicial estoppel to the legal record of this case. Both parties refer to documentation such as the Liquidating Agreement, the Debtor's attorney memorandum, and the Trust Administrator's Memorandum, which were never presented to the court in order to persuade it to accept a particular position. Notwithstanding, the court finds that Redondo's position regarding the subcontractor claims pertaining to the record of the case in adversary proceeding 03-00194 are inconsistent with the arguments it brings forth in this contested matter."

The court analyzed the allegations of the Debtor during the adversary proceeding filed in December 23, 2003 (Adv. Proc. 03-00194); the Debtor's post-trial memorandum filed on November 9, 2007; and how the Decision and Order issued by the court on August 31, 2009, dealt with the subcontractor claims as alleged by the Debtor. Furthermore, it described how the court, in February 10, 2010, entered a Decision and Order related to the Defendant's challenge to the Debtor's assertion of the subcontractor claims. The matter, as described thoroughly in the court's decision, was appealed to the district court. The district court affirmed. The issue whether Redondo had standing to assert the subcontractor claim was further appealed to the First Circuit, and the district court was affirmed. Furthermore, on June 12, 2012, the Debtor filed a *Motion for an Order Directing Withdrawal of Funds* which included the claims for Lord and Remoldeco.

-7-

The court analyzed the Memorandum prepared by the Litigation Trust Administrator, which was approved by all four members of the RCC Litigation Trust Board, and which prompted the issuance of Lord's payment for $1,395,381.00. The court concluded that, "[a]fter conducting a thorough analysis of Redondo's position regarding the subcontractor pass-through claims of Lord and Remoldeco, which it initially brought forth in its complaint and then further explained in its post-trial memorandum and resulted in one of the legal issues which was discussed in three (3) Opinions and Orders, this court finds that the doctrine of judicial estoppel applies to the Debtor in the instant case regarding the validity and the amounts distributed to the subcontractor pass-through claim."

When the court stated that the parties did not present certain documents for the court to assume a certain position, the statement was made in the context of evaluating the trajectory of the Debtor's position since the filing of the adversary proceeding in which Redondo included Lord's subcontractor pass-through claim. The court was not placed in a position to evaluate or consider the documents included in this contested matter. The court explained: "Redondo collected monies from the complaint against PRHTA for the PR-2 Mayaguez project, which included the principal of the subcontractor claims (Lord and Remoldeco). The Debtor represented to the courts that the claims of Lord and Remoldeco were pass-through claims and that Redondo had legal standing to assert the same against the PRHTA. The Debtor all throughout this proceeding has failed to clarify to the courts and to the PRHTA, which was the entity that eventually ended up paying these monetary damages, that Lord and Remoldeco would receive 15% of the total recovery of the project claim in conformity with the Liquidating Agreement (notwithstanding its claim), which simply meant that the Debtor would profit from the

subcontractor claims since the filing of the complaint, meaning that the pass-through claims, probably factored in the contractor's mark-up."

The doctrine of judicial estoppel is intended to protect the judicial system, rather than the litigants. Love v. Tyson Foods, Inc., 677 F.3d 258, (1st Cir. 2012). "The purpose of the doctrine is to protect the integrity of the judicial process". Perry v. Blum, 629 F. 3d 1 (1st Cir. 2010). "Where a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position, especially if it be to the prejudice of the party who has acquiesced in the position formerly taken by him." New Hampshire v. Maine, 532 U.S. 532, 749 (2001).

In its *Opinion and Order*, the court thoroughly described why the doctrine of judicial estoppel was applied to the Debtor. This court relied on the Debtor's position before the court as to being the party entitled to represent the subcontractors and its claims, and considering the claims to be pass-through and not a profit to the Debtor. Additionally, the court explained the inconsistencies in the different factors the Debtor weighted-in when "determining" the amount of the alleged overpayment. Hence, the court concluded the Debtor was estoped to make such allegation. Furthermore, the court determined that the Debtor did not satisfy its burden of proof in proving that an error was made in the payment of the principal amount of Lord's subcontractor claim. Thus, the determination of the court is not a validation or invalidation of the footnote at the Supplement of the Plan, as the Debtor intends to construe the *Opinion and Order*.

The court further concluded that Lord is entitled to the interest award for its pass-through claim. The court stated that "…the parties have not placed the court in a position to be able to determine the specific amount interest award component should be. In the case of Lord, the Debtor has changed positions regarding both the principal amounts of the pass-through claim and the

interest component that corresponds to Lord for its subcontractor claim." Therefore, the court ordered the parties to compute "how the interest component must be distributed "[a]s per the agreement of August 15, 1994, as amended, with Continental Lord, Inc. ("CLI"), CLI is entitled to a 15% pass through from the recovery by Debtor, less proportionate expenses," pursuant to the principles of contractual interpretation premised upon articles 1233-1241 of the PR Civil Code, 31 L.P.R.A. §§3141[1]-3479.

Furthermore, the court extensively described and discussed the relevant facts in relation to the matters upon the court's consideration and concluded that the Debtor was estopped to claim the overpayment and had fallen short on proving a payment error. Therefore, the court concludes that the requests for additional facts and/or amended facts is unwarranted.

Conclusion

The court finds that the *Motion for Reconsideration and/or Determination of Additional Facts* does not meet the Fed. R. Civ. P. 59 (e) and 52(b) standards, as it rehashes the arguments alleged by the Debtor and adjudicated by the Court in its Opinion and Order (Docket No. 2652).

In view of the foregoing, the *Motion for Reconsideration* filed by Redondo Construction Corporation is hereby denied.

SO ORDERED.

In San Juan, Puerto Rico, this November 18th, 2019.

Enrique S. Lamoutte
United States Bankruptcy Judge

---

[1] The court mistakenly referenced §3141. However, the principles for interpretation of contracts begin at §3471. Therefore, the correct reference to the P.R. Civil Code is 31 L.P.R.A. §§ 3471-3479.

-10-